EUGENE JOHNSON v. THE STATE.

*No. 75. Decided March 1.*

**Libel—Evidence.**—The libel assigned in this case charges by innuendo that the county attorney of Dallas County and his two assistants had been guilty of acts disgraceful to them as members of society, and that, as such officers of the court, with respect to a prosecution then pending against the defendant, they had been guilty of the penal offense of procuring the absence of certain of the defendant's witnesses, either by bribery or intimidation. The libel charging such a penal offense would, under the provisions of article 642 of the Penal Code, entitle the defendant to prove the truth of the bribery or intimidation clause, as against either of the officers charged to be libeled. The defense proposed to prove by one of its witnesses that she was induced to leave by the acts of one of the assistant county attorneys, but the trial judge excluded all proposed evidence of the acts of the assistant county attorneys, and confined the issue and evidence to the personal acts of the county attorney in the premises. *Held*, error, for which the conviction must be set aside.

APPEAL from the County Court of Dallas. Tried below before Hon. E. G. BOWER, County Judge.

This is the third of the series of convictions of the defendant as a correspondent of the Kansas City Sunday Sun, and is for publishing a libel on the county attorney of Dallas County and his assistants. The penalty assessed was a fine of $200.

The opinion sufficiently discloses the case.

*Edwards & Blewett,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—This is another of the prosecutions against appellant for libelous publications in the Kansas City Sunday Sun. Appellant was convicted, and his punishment assessed at $200, from which judgment he appeals.

The material parts of the libel are substantially as follows: "Dallas, Texas.—The fiasco prosecution against the Sun was aired in the court of Judge Bowers, the Texas Tycoon, last Monday afternoon. The prosecu-

tion was driven to such desperate straits by the threatened uncovering of the truth that a few days prior to the calling of the case it spirited away the principal witnesses for the defense.  Essie Watkins was secreted in some sequestered spot.  *  *  *  George Anzy was also missing.  *  *  * Grace Page had also gone.  *  *  *  This was the trio the Sun's attorneys expected would ventilate the exploits of Owen Parry.  Under these conditions the State could safely announce ready for trial, which was done through Barry Miller.  *  *  *  The county attorney was conveniently absent, and it is said Green Williams put up a job on the old man to get him away, so he would not hear what naughty things his boy had been doing.  Green is the one who circulated a subscription among his fellow bloods to raise money to employ a competent lawyer to conduct the prosecutions, as Williams, the county attorney, was not scarcely fit to appear in court along with reputable attorneys, and Barry Miller's time was so taken up with crap shooting he could not give the case proper attention, and Green got drunk and lost the subscription at a house of prostitution.''

The information charged, that the said libel was published with intent to injure D. A. Williams, county attorney of Dallas County, and E. G. Williams and Barry Miller, his assistants in office, conveying the idea that they were guilty of acts disgraceful to them as members of society, and of the penal offense of bribery while in said office.

The information alleged, that when the libel stated that '' the prosecution was driven to such straits,'' etc., it meant that D. A. Williams, as county attorney of Dallas County, and P. B. Miller and E. G. Williams, assistant county attorneys, '' were driven to such straits;'' and that when the libel stated, '' that a few days prior to the calling of the case it spirited away the principal witnesses,'' the charge meant that the said D. A. Williams and P. B. Miller and E. G. Williams had either hired or paid the witnesses to leave, or had intimidated them in some way to absent themselves from the court during the trial of the case.

It is to be observed that there is no express charge of bribery or intimidation of witnesses contained in the libel.  It only appears by innuendo that said libel made any such charge upon the county attorney and his assistants.  If such charge was made or intended to be made, then appellant certainly had the right to prove the truth of the charge.  Penal Code, art. 642, secs. 2, 4.  He had the right to show that any of his witnesses were intimidated or induced to leave by any of the officers charged to be libeled.  The defense proposed to show by the witness Essie Watkins and others that she was induced to leave by the acts of one of the assistant county attorneys, done for the purpose of driving her away; but the county judge excluded all evidence of the acts of the assistant county attorney, and confined the issue and the evidence solely to the personal conduct of the county attorney in the premises.  We think the court erred

in so limiting the issue and rejecting the testimony. The other errors complained of will not probably arise on another trial. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, J., absent.